IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH SESSION, 1999

FILED

June 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9806-CC-00177 |
| | ) | |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ROY B. MORGAN, JR., JUDGE |
| HARRY LEE GOFF, JR., | ) | |
| | ) | |
| Appellant. | ) | (VEHICLE BURGLARY) |

FOR THE APPELLANT:

CLIFFORD K. McGOWN, JR.
113 North Court Square
P.O. Box 26
Waverly, TN 37185
(On Appeal Only)

GEORGE MORTON GOOGE
District Public Defender

STEPHEN P. SPRACHER
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301
(At Trial)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

JAMES G. WOODALL
District Attorney General

JAMES W. THOMPSON
Assistant District Attorney General
P.O. Box 2825
Jackson, TN 38302

OPINION FILED _____

JUDGMENT AFFIRMED;
REMANDED TO TRIAL COURT

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Harry Lee Goff, Jr., appeals as of right following the revocation of his probation by the Circuit Court of Madison County. Defendant was indicted for vehicular burglary and theft of property with a value of less than $500.00. He pled nolo contendere to vehicular burglary and the theft charge was dismissed in exchange for a two (2) year sentence subject to judicial diversion under Tennessee Code Annotated section 40-35-313. Therefore, no judgment of guilt was entered. Under the terms of this sentence, Defendant was ordered to perform two hundred (200) hours of public service work, pay restitution in the amount of $80.00, and was ordered to comply with the standard provisions of probation under supervision of the Community Corrections program. As a result of alleged violations of the terms of his probation, a hearing was held before the trial court on May 12, 1998. Defendant's probation was revoked and he was taken into custody to serve his sentence. The Defendant contends that the trial court erred in ordering him to serve the remainder of his sentence in the Madison County Jail or workhouse after his probation was revoked. We affirm the judgment of the trial court, but remand for proceedings consistent with this opinion.

At the revocation hearing, Janey McNatt testified that Defendant was placed in the program in May 1997 to serve a two (2) year sentence on probation. On December 2, 1997, Defendant was convicted of assault. Other charges of contributing to the delinquency of a minor and encouraging those minors to shoplift were pending at the time of the revocation hearing. McNatt stated that the Defendant admitted to consuming alcohol while he was in Community Corrections,

which she explained was specifically in violation of the terms of that probation. In addition, when Defendant was arrested for the assault, he failed to notify that arrest to his Community Corrections officer, another violation of his probation. Defendant did not provide evidence of his employment during this probation period, except for a brief four (4) or five (5) week period. Finally, he failed to report to his probation officer and to pay his fees.

The Defendant testified at the hearing and admitted that he did not personally inform his probation officer of his arrest, although Defendant stated he did leave a message on the officer's answering machine. He further admitted that he did not have steady employment and was convicted of assault. Defendant stated that the probation officer testified truthfully regarding his violations of the terms of probation.

The trial court ordered Defendant's sentence of probation to be revoked, with the Defendant to serve the remainder of his two (2) year sentence in the Madison County Jail or Workhouse. The trial court entered a "Revocation Order," however no judgment of guilt was entered. Tennessee Code Annotated section 40-35-313 states that "[u]pon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided."

Because the trial court failed to enter a judgment of Defendant's guilt, this case must be remanded to enter the judgment reflecting the conviction and sentence according to the provisions of Tennessee Code Annotated section 40-35-313.

The order of the trial court revoking the probation pursuant to judicial diversion and requiring Defendant to serve a two (2) year sentence in the Madison County Jail

or Workhouse is affirmed.  However, this case is remanded to the trial court to enter the standard judgment of conviction.


_____
THOMAS T. WOODALL, Judge



CONCUR:



_____
GARY R. WADE, Presiding Judge


_____
JOSEPH M. TIPTON, Judge